UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re: Gerard J. Kamp,
                        Debtor.

Case No. 09-62529-6

---

Catskill Watershed Corporation,
                        Plaintiff,
v.

Gerard J. Kamp,
                        Defendant.

Adversary Proceeding No.:

**COMPLAINT**

---

Plaintiff, Catskill Watershed Corporation (Plaintiff or "CWC"), a creditor of the Estate of Gerard J. Kamp (the "Debtor"), by and through its counsel, Ganz Wolkenbreit & Friedman, LLP, as and for its Adversary Complaint against the above-captioned Defendant, respectfully alleges and represents as follows:

### Nature of Action

1. This is an Adversary Proceeding commenced pursuant to §§727(a)(2) and (a)(4) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure §7001(4) objecting to the Debtor's discharge in bankruptcy.

### Jurisdiction

2. This Court has jurisdiction based upon §§1334(b), 157(a) and 157(b) of Title 28 of the United States Code because this Adversary Proceeding arises in or under the Chapter 7 case of the Debtor now pending in the United States Bankruptcy Court for the Northern District of New York.

3.      This Adversary Proceeding is a core proceeding pursuant to §157(b)(2)(A) and (J) of Title 28 of the United States Code.

4.      Venue of this case in this Court is proper pursuant to §1409(a) of Title 28 of the United States Code because this action arises in or under a case under Title 11 of the United States Code.

### The Debtor's Bankruptcy Filing

5.      On July 21, 2009 (the "Petition date"), the Debtor filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the Northern District of New York. The Debtor filed his bankruptcy schedules and statements of financial affairs with the Bankruptcy Court on or about July 21, 2009.

6.      On Schedule B, filed with the Petition, the Debtor listed Kamp Sites & Realty, LLC as an entity in which he is a 90% member. The Debtor listed the current value of his interest in Kamp Sites & Realty, LLC as $398,000.00.

7.      Also on Schedule B, the Debtor claimed a 35% beneficiary interest in Kamp Family Trust B and valued such interest at $126,000.00.

8.      The Debtor indicated that he had no automobiles, trucks, trailers and other vehicles and accessories.

9.      The Debtor disclosed that he is the owner of American Sino Processing, Inc. and claimed miscellaneous assets related to that with a value of $3,000.00.

10.     On Schedule E, the Debtor claimed that there were no creditors holding unsecured priority claims. Such claims can include former spousal and child support obligations.

## The Debtor's Pre-Bankruptcy Activities

11. Prior to the filing of this bankruptcy case, on or about November 30, 2006, CWC was granted summary judgment against Debtor in the amount of $679,974.05, plus interest, by the Supreme Court, State of New York, Delaware County. Judgment was thereafter entered in July 2008 against the Debtor for $1,186,113.32.

12. In an effort to collect against the Debtor on its judgment, CWC deposed the Debtor on November 10, 2008, less than a year before the Petition Date.

13. At his deposition in November 2008, the Debtor testified that he paid $2,200.00 per month in child support for children from his first marriage and he paid an additional $2,200.00 per month in alimony.

14. The Debtor testified to ownership of a 2000 Indian motorcycle valued at approximately $7,000.00, financed through HSBC with monthly payments of $438.00.

15. At his deposition, Debtor testified that American Sino Processing, Inc. owned a 2003 Crown Victoria police interceptor and a 2000 Mercedes S500. The approximate value of those two cars together was, according to Debtor, between $8,800-$9,200. One car was driven by the Debtor's daughter and the other was used by the Debtor as his personal automobile.

16. When asked at his deposition whether he owned stock in any other corporation other than American Sino Processing, Inc., Debtor answered "no".

17. When asked about his 35% interest in Kamp Family Trust B, the Debtor testified that he was no longer a beneficiary because the corpus of the trust had been transferred in payment of a debt.

18.     Each of the statements in paragraphs 13 through 17 is in direct contradiction with the Debtor's sworn bankruptcy schedules.

### The Debtor Hindered CWC's Collection on Its Judgment

19.     CWC commences this Adversary Proceeding seeking to deny the Debtor a discharge pursuant to Bankruptcy Code §727.

20.     CWC was attempting to collect on a judgment when the Debtor concealed his assets by denying ownership of any company other than American Sino Processing, Inc. However, as disclosed on his bankruptcy schedule, Debtor is a 90% member of Kamp Sites & Realty, LLC and values his interest in Kamp Sites & Realty, LLC at $398,000.

21.     Prior to the Petition Date, CWC had been hindered in its ability to collect any significant amount on its judgment because the Debtor concealed assets valued at $398,000.

22.     The Debtor's deposition testimony in CWC's collection efforts reveals numerous false statements on his bankruptcy schedules, including his failure to identify child support and alimony obligations, his statements that he had no automobiles or other vehicles, his claim that American Sino Processing, Inc. had assets with a value of only $3,000 and his claim of a beneficiary interest in Kamp Family Trust B.

23.     Each statement in ¶22 was included on the Debtor's schedules and was sworn to under penalty of perjury.

24.     The Debtors' numerous false statements directly contradicted by his deposition testimony, sworn to only eight (8) months before the Petition Date, evidence the Debtor's reckless disregard for the truth.

## FIRST CLAIM FOR RELIEF

### (Objection to Discharge Under Bankruptcy Code Section 727(a)(2)(A))

25. CWC repeats and realleges each and every allegation set forth in paragraphs 1 through 24 as if set forth fully herein.

26. The Debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate has transferred, removed, destroyed, mutilated or concealed property of the Debtor within one year before the Petition Date.

27. By virtue of the foregoing, CWC requests that this Court deny a discharge to the Debtor pursuant to Bankruptcy Code §727(a)(2)(A).

## SECOND CLAIM FOR RELIEF

### (Objection to Discharge Under Bankruptcy Code Section 727(a)(4)(A))

28. CWC repeats and realleges each and every allegation set forth in paragraphs 1 through 24 as if set forth fully herein.

29. The Debtor, knowingly and fraudulently, in or in connection with the case made a false oath or account.

30. By virtue of the foregoing, CWC requests that this Court deny a discharge to the Debtor pursuant to Bankruptcy Code §727(a)(4)(A).

WHEREFORE, CWC respectfully requests that the Court enter judgment in favor of the Plaintiff and against the Defendant as follows:

(i) on CWC's First Claim for Relief against for an Order denying the Debtor a discharge pursuant to Bankruptcy Code §727(a)(2)(A);

    (ii)    on CWC's Second Claim for Relief for an Order denying the Debtor a discharge pursuant to Bankruptcy Code §727(a)(4)(A);

together with such other and further relief as to the Court seems just and proper.

DATED:    October **9**, 2009
              Albany, New York        Yours, etc.

GANZ, WOLKENBREIT & FRIEDMAN, LLP

By: _/s/ Robert E. Ganz_

Attorneys for Catskill Watershed Corporation
Office and Post Office Address
One Columbia Circle
Albany, New York 12203
(518) 869-9500
reg@gwlaw.com